UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DONALD RAY WILLIAMS SR, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-47 |
| | § | |
| IN THE UNITED STATES DISTRICT OF | § | |
| THE AMERICAN, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Plaintiff is an inmate in the Texas Department of Criminal Justice. Proceeding *pro se*, he filed a civil rights action pursuant to 42 U.S.C. § 1983. (D.E. 1). On February 14, 2018, Plaintiff was notified that while he originally filed this action using a petition for writ of habeas corpus, he was actually seeking relief on a variety of civil rights claims. (D.E. 17). The undersigned further noted that Plaintiff has accumulated 13 strikes, at least three of which included monetary sanctions, for filing frivolous lawsuits as an inmate and appeared to be attempting to circumvent the three strikes bar to proceed *in forma pauperis*. (D.E. 17). As a result, Plaintiff was ordered to pay the $400.00 filing fee for a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 in full on or before March 6, 2018 or to file a fully completed motion to proceed *in forma pauperis* showing cause why he should not be barred from proceeding *in forma pauperis* pursuant to the three strikes rule. On March 2, 2018, Plaintiff filed "Petitioner Request for The Entry of Payed Filing Fee Default." (D.E. 18). It appears Plaintiff is requesting this Court contact

his sister to pay the filing fee.[1]  Plaintiff's request is **DENIED**.  Plaintiff is given until

**March 19, 2018** to comply with the undersigned's February 14, 2018.  Plaintiff is again

cautioned that if he fails to comply, the Court may dismiss this case for want of

prosecution.  Fed. R. Civ. P. 41(b).

Also pending is Plaintiff's Motion for Appointment of Counsel. (D.E. 6 and 13).

No constitutional right to appointment of counsel exists in civil rights cases.  *See*

*Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007); *Akasike v. Fitzpatrick*, 26 F.3d

510, 512 (5th Cir. 1994) (per curiam).  A district court is not required to appoint counsel

unless "exceptional circumstances" exist.  *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987)

(quoting *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261 (5th Cir. 1986) (per curiam)).

The Fifth Circuit has enunciated several factors that the Court should consider in

determining whether to appoint counsel:

> (1) the type and complexity of the case; (2) whether the
> indigent is capable of adequately presenting his case; (3)
> whether the indigent is in a position to investigate adequately
> the case; and (4) whether the evidence will consist in large
> part of conflicting testimony so as to require skill in the
> presentation of evidence. The court should also consider
> whether appointed counsel would aid in the efficient and
> equitable disposition of the case.

*Jackson*, 811 F.2d at 262 (citing *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982));

*accord Norton v. Dimazana*, 122 F.3d 286, 293 (5th Cir. 1997).  Upon careful

consideration of the factors set forth in *Jackson*, the Court finds that appointment of

---

[1]Plaintiff incorrectly notes the filing fee as $5.00.  This action has been construed as a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 and therefore, the filing fee is $400.00. (D.E. 17, Page 2).

counsel is not warranted at this time. Regarding the first factor, plaintiff's civil rights claims do not present any complexities that are unusual in prisoner actions. The second and third factors are whether the plaintiff is in a position to adequately investigate and present his case. Plaintiff has thus far demonstrated that he is able to communicate adequately and file pleadings with the Court. The fourth factor requires an examination of whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence. Plaintiff's action has not been scheduled for trial; consequently, at this time, the appointment of counsel for trial would be premature. Finally, there is no indication that appointing counsel would aid in the efficient and equitable disposition of the case.

For the foregoing reasons, Plaintiff's motion for appointed counsel, (D.E. 6 and D.E. 13), is **DENIED** without prejudice. The Court will not rule on any additional motions filed by Plaintiff until he fully complies with this Order.

ORDERED this 5th day of March, 2018.

Jason B. Libby
United States Magistrate Judge